IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **LANGSTON & LANGSTON, PLLC;** **JEFF CAHN; LAURIE CAHN; AND** **DAVID CAHN** | **PLAINTIFFS** |
| V. | CAUSE NO. 3:18-CV-741-CWR-FKB |
| **SUNTRUST BANK; CHARLES HOPKINS, III,** *individually and d/b/a* **CML Home Improvements; DAZAI HARRIS; AND JOHN DOES 3-10** | **DEFENDANTS** |

*and*

| | |
|---|---|
| **SUNTRUST BANK** | **CROSS CLAIMANT** |
| V. | |
| **CHARLES HOPKINS, III,** *individually and d/b/a* **CML Home Improvements; DAZAI HARRIS** | **CROSS DEFENDANTS** |

## ORDER

Before the Court is a motion for reconsideration filed by Plaintiffs Langston & Langston, PLLC, Jeff Cahn, Laurie Cahn, and David Cahn. Docket No. 117. Having considered the motion, response, and applicable law, the Court finds that the motion should be denied.

**I.   Factual and Procedural History**

The facts of this case are well known and need not be recited anew.

In response to Plaintiffs' suit, SunTrust timely filed a motion for summary judgment. This Court granted SunTrust's motion for summary judgment on August 20, 2020, on the basis that Plaintiffs failed to show a genuine issue of material fact. But the claims against Defendants Hopkins and Harris remained outstanding. Accordingly, the grant of summary judgment did not constitute a final judgment in this case.

## II. Legal Standard

The parties disagree on the applicable standard. Because Plaintiffs' motion for reconsideration concerns an interlocutory order, Fed. R. Civ. P. 54(b) supplies the legal standard.

The Fifth Circuit has held that "[u]nder Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (citation omitted). But this discretion is not unlimited. Rather, it "must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *Southern Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 565 (E.D. La. 2013). Finally, "the decision of the district court to grant or deny a motion for reconsideration will only be reviewed for an abuse of discretion." *Atel Maritime Investors, LP v. Sea Mar Management, L.L.C.*, No. CIV.A. 08-1700, 2012 WL 4857773 at *1 (E.D. La. Oct. 11, 2012).

## III. Discussion

Plaintiffs allege that this Court erred in its application of the (1) UCC, (2) negligent misrepresentation, and (3) fraudulent misrepresentation. We consider each argument in turn.

### 1. The UCC

Plaintiffs argue that this Court misapplied a case from the U.S. Court of Appeals for the Tenth Circuit when this Court determined the "time of payment." According to Plaintiffs, because time of payment is a factual, not a legal issue, this fact remained and remains disputed. Further, Plaintiffs contend that "the payment occurred at 2:08 PM CST when Hopkins withdrew the money." Docket No. 117 at 3. As such, by Plaintiffs' reasoning, this Court's grant of summary judgment was inappropriate, since a genuine issue of fact remained.

Plaintiffs' argument is unavailing. In *Pan American Bank*, the relevant factual dispute was whether the bank employee who facilitated the transfer remembered processing the transfer. *First Sec. Bank of New Mexico, N.A. v. Pan American Bank*, 215 F.3d 1147, 1153-54 (10th Cir. 2000). This uncertainty led the Tenth Circuit to conclude that a genuine issue of fact existed as to the employee's knowledge, *not* the time of payment. Further, contrary to Plaintiffs' characterization of the case, in *Pan American Bank* the Tenth Circuit interpreted the provisions of New Mexico law that incorporate the UCC to arrive at a legal interpretation of time of payment. *Id.* at 1158-59. Specifically, and as emphasized in this Court's August 2020 Order, the Tenth Circuit "held that payment as defined by [§] 4A-405(a)(iii) can occur 'when a beneficiary's account is credited and the funds immediately are made available to the beneficiary.'" Docket No. 116 at 3 (citing *Pan American Bank*, 215 F.3d at 1159).

## 2. Negligent Misrepresentation

Plaintiffs next ask the Court to reconsider its conclusion that they offered no evidence that Ms. Liguori failed to exercise reasonable care in her communications with the FBI. Docket No. 117 at 8-9. Moreover, Plaintiffs challenge this Court's conclusion that "causation was speculative." *Id.* at 9. In support of this challenge, Plaintiffs emphasize Pinnacle's right to freeze the account if it suspected fraud; Wells Fargo's freezing of the fraudulent Jeff Cahn account after learning of the suspected fraud; and SunTrust's freezing of Laurie and David Cahn's accounts after receiving notification of the fraud. *Id.* at 10.

To succeed on a claim of negligent misrepresentation, a Plaintiff must demonstrate that "she suffered damages as a direct and proximate result of such reasonable reliance on any perceived negligent misrepresentation." *Horace Mann Life Ins. Co. v. Nunaley*, 960 So. 2d 455, 461 (Miss. 2007).

None of the facts offered by Plaintiffs establishes "direct and proximate causation." *Id.*. As observed in the Order, the statements Plaintiffs proffered in support of their claims were "conclusional allegations and mere speculation." Docket No. 116 at 11. And Plaintiffs' motion for reconsideration fails to elevate their claims beyond the realm of speculation. For instance, Mr. Clark's testimony that "Pinnacle more likely than not would [have] frozen the account if it had been informed of the suspected fraud" does not establish that Liguori's statements to the FBI were the cause in fact, or the proximate cause, of Plaintiffs' damages. Docket No. 117 at 10.

Plaintiffs press that the Court's conclusion "that Ms. Liguori followed 'company protocol'" fails to establish that she adhered to the applicable standard of care. *Id.* at 9 (citing Docket No. 116 at 11). The Court disagrees.

The relevant inquiry is whether Ms. Liguori exercised reasonable care *in her communications with the FBI*. It is true that "[t]he standard of care is typically established by expert testimony." *Id.* But Mr. Clark's sworn affidavit establishes that he was "not familiar with steps the FBI or Secret Service may or may not take when they are notified" of fraudulent activity. Docket No. 88-14. His testimony, therefore, does not provide evidence as to the relevant standard of care: the care required of a bank employee when communicating with the FBI about fraudulent activity.

Just as Mr. Clark's testimony was insufficient to overcome SunTrust's motion for summary judgment, so too is it insufficient to justify amendment of this Court's August 2020 Order. *See Stagliano v. Cincinnati Ins. Co.*, 633 F. App'x 217, 220-21 (5th Cir. 2015) (affirming the district court's grant of summary judgment and denial of plaintiff's Rule 59(e) motion to consider the expert affidavit, as the affidavit "contained the same deficiencies that rendered the

4

initial affidavit insufficient to meet Plaintiffs' summary judgment burden"). Thus, this Court correctly granted SunTrust's motion for summary judgment.

### 3. Fraudulent Misrepresentation

The Plaintiffs also ask the Court to reconsider their fraudulent misrepresentation claim. As emphasized in the August 2020 Order, however, "because Plaintiffs must meet an even higher standard to prove fraudulent misrepresentation,"[1] in failing to meet their burden for the negligent misrepresentation claim, they also fail to meet the evidentiary burden of their fraudulent misrepresentation claim.

Under Mississippi law, to make out a claim of fraudulent misrepresentation, a plaintiff must prove, by clear and convincing evidence:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of the truth; (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury.*

*Holland v. Peoples Bank & Trust. Co.*, 3 So. 3d 94, 100 (Miss. 2008). Unlike negligent misrepresentation, then, fraudulent representation requires the intent to induce reliance on the false statement. *Id.* Plaintiffs failed to substantiate that Ms. Liguori *negligently* misrepresented information to the FBI. By extension, they did not demonstrate that she *intentionally* misrepresented information to the FBI.

Accordingly, this Court correctly dismissed both claims.

## IV. Conclusion

Plaintiffs' motion is denied.

---

[1] Docket No. 116 at 11.

A status conference with the remaining parties is hereby set for 11:30 A.M., September 1, 2021. At that time, the parties shall call the Court chambers at 601-608-4140.

**SO ORDERED**, this the 20th day of August, 2021.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE